BENJAMIN S. GORDON *vs.* WILLIAM B. MERRY.

Franklin, 1874.—March 1, 1876.

*Trespass. Jurisdiction.*

Trespass *quare clausum* may be brought and maintained in the supreme judicial court in the county where the land is situate, though neither the plaintiff nor the defendant resides in that county.

ON EXCEPTIONS.

TRESPASS *quare clausum fregit.*

*S. Belcher*, for the defendant, submitted without argument.

*H. L. Whitcomb*, for the plaintiff.

BARROWS, J.  The plaintiff and defendant both reside in Somerset county.  The action is trespass *quare clausum,* alleging an injury committed in Franklin county, upon plaintiff's land there situate.

To enable the parties to present promptly a question of jurisdiction raised by the defendant, the presiding judge, at the return term, ruled, *pro forma,* that the action should be dismissed, because it was not brought in Somerset county, where both the parties live.

By the common law, actions of trespass, or on the case, for injuries to lands or other real estate, are local, and must be brought in the county or place where the cause of action arises and the property is situate.  Chitty on Plead., vol. 1, p. 271.

It is true, that where an injury has been committed in one county, to land situated in another, the venue may be laid in either.  *Ibid.*  But that does not appear to be this case.

The defendant's objection seems to have been based on R. S., c. 81, § 9, which provides that "personal and transitory actions," (with certain exceptions) "shall be brought, when the parties live in the state, in the county where any plaintiff or defendant lives . . . and when not so brought . . . shall be abated," &c.  But this provision applies only to actions which are both personal and transitory.  The action of trespass, though a personal action, is, as we have seen, when it is brought for the recovery of damages for an injury to the realty, not transitory, but local.  It does not belong to the class of cases which are required by § 9, to be brought in a county where either a plaintiff or defendant lives.  *Whidden* v. *Seelye,* 40 Maine, 247, was trover for personal property after it was severed from the land, and the injury to the realty was not the gist of the action, and it was well held to be both personal and transitory, and cognizable by any court that had jurisdiction of the parties.

Doubtless, also, by force of the statutes which give jurisdiction to trial justices in all civil actions where the debt or damage does not exceed twenty dollars, and the title to real estate is not in question, an action of trespass *q. c.* might be maintained before

such justice in a county where the defendant resided, unless by the pleadings the title to the realty was brought in question, although the defendant did not reside in the county where the cause of action arose. *Morton* v. *Chase*, 15 Maine, 188. But neither this nor other statute provisions, which may be held to give this court in certain cases jurisdiction of actions of this description in counties other than those in which the cause of action arises, can be regarded as changing the common law character of the action in cases to which they do not apply, nor as ousting this court of jurisdiction over actions of trespass upon lands situated in the county where the suit is brought, whether either of the parties to the suit, resides therein or not.

The *pro forma* ruling was erroneous.

*Exceptions sustained.*

*Case to stand for trial.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.